UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT JOHNSON, SR. | CIVIL ACTION |
| VERSUS | NO. 07-1009 |
| BLANN TRACTOR COMPANY, ET AL. | SECTION "N" (1) |

## ORDER

Before the Court is the Motion to Remand filed by Plaintiff, Robert Johnson, Sr., as the administrator of his minor child, Justin Johnson. The removing defendants, Blann Tractor Company and Jeffrey Herndon, oppose remand.

On January 24, 2007, Johnson filed suit for damages against Blann Tractor Company, Cherokee Insurance Company, Jeffrey Herndon, and ABC Insurance Company[1] in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana. On February 16, 2007, Blann and Herndon removed the action to federal court, asserting diversity of citizenship as grounds for removal jurisdiction. Plaintiff now seeks to remand this matter, claiming that: (1) diversity jurisdiciton is lacking because Blann's principal place of business is in Oak Grove, Louisiana, (2) removal was improper due to the failure of all defendants to consent, and (3) the presence of other state court lawsuits arising from this accident would lead to judicial inefficiency.

The Court finds that the arguments presented by Plaintiff in favor of remand are unsupported and without merit. First, Blann has established in its opposition to the Motion to Remand that its

---

[1] Plaintiff has not served ABC Insurance Company, nor has he included any identifying information regarding this party in the Petition or Motion to Remand. Thus, the Court treats ABC Insurance Company as a fictitious name. 28 U.S.C. § 1441(a) provides that, "[f]or purposes of removal under this chapter, the citizenship of defendant sued under fictitious names shall be disregarded."

principal place of business is not in Oak Grove, Louisiana, but rather, in Hampton, Arkansas. Plaintiff has failed to present the Court with any evidence disputing this fact. Thus, the Court finds that the requirement of complete diversity is satisfied. Second, consent to removal is not required from a defendant who has not been served. *Jones v. Houston Indep. School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992)(holding that failure of one defendant to join in removal petition does not bar district court's removal jurisdiction where that defendant was not served until after case had been removed). ABC Insurance Company has not been served, and Cherokee Insurance Company was not served until after this case was removed. Third, Plaintiff cites no authority supporting the position that the existence of related state court cases that will not be removed is a bar to removal jurisdiction.

For the foregoing reasons, the Motion to Remand filed herein by Plaintiff is **DENIED**.

New Orleans, Louisiana, this 16th day of August, 2007.

KURT D. ENGELHARDT
United States District Judge